## CARTER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 2, October Term, 1956 (Adv.).]

658

*Decided July 12, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Manley of the Supreme Bench of Baltimore. Petitioner was tried before Judge Gontrum of the Circuit Court for Baltimore County on January 5, 1955, on charges of burglary, house breaking, larceny and receiving stolen goods. The court appointed counsel for him. Petitioner, being advised by his counsel that the State would abandon the counts for burglary and housebreaking if he would plead guilty to the last two counts, agreed to do so and did plead guilty to larceny and receiving stolen goods. On February 5, 1955, after investigation by the Probation Department, petitioner was sentenced to five years. By error of the clerk's office, the commitment was for burglary, and on March 23, 1955, a corrected commitment was sent to the penitentiary showing that petitioner was to be detained for a judgment and sentence for larceny and receiving stolen goods.

The attention of the State's Attorney was directed by petitioner's counsel to the fact that there was an inconsistency in a judgment and sentence for larceny and receiving stolen goods, resulting from the same occurrence. The State's Attorney secured a writ of *habeas corpus* "for the purpose of clarifying sentence imposed on said defendant on February 4, 1955." The docket entries show that on April 22, 1955, the traverser was "brought into court for further hearing" before Judge Gontrum, who then struck out the judgment and sentence on the fourth count (for receiving stolen goods) and recommitted the petitioner to the penitentiary for the term of five years from December 17, 1954, under the judgment and sentence for the third count, that of larceny.

Petitioner says that he was sentenced twice for the same offense and thereby placed in double jeopardy. A further claim is that his attorney was "in liaison with the State's Attorney, forcing your appellant under a threat of twenty years if I do not agree on a guilty plea on the last two counts of larceny and receiving stolen goods." Also, he says that his lawyer was incompetent and knew nothing about the case because he persuaded him to plead guilty to both larceny and receiving stolen goods, when he must have known, as petitioner says he himself knew, that he could be guilty of only one of the counts.

A number of cases have said that a claim of double jeopardy cannot be raised on *habeas corpus*. *Alisworth v. Warden,* 205 Md. 635; *Leek v. Warden,* 205 Md. 641; *Bowen v. Warden,* 201 Md. 649.

The court clearly has the power to correct an illegal sentence at any time. Rule 10 (a), Criminal Rules. Judge Gontrum did this when he struck out the judgment and sentence on the fourth count on April 22, 1955. The original judgment and sentence for five years on the third and fourth counts was then corrected so that the docket entries and commitment reflected the true judgment and sentence, which was precisely that originally imposed even to the date of beginning. This amounted, under the circumstances, to no more than the correction of clerical errors. In *Madison v. State,* 205 Md. 425, 430, it was said: "The court also has the power to cor-

rect clerical errors in a judgment or inaccuracies in its form for the purpose of making it conform with the truth." It has been found that a clerical error does not require release on *habeas corpus*, but merely requires a correction. *Justice v. Warden,* 203 Md. 651.

We find no merit to the complaint of petitioner against his counsel. There is no showing of fraud or of collusion between officers of the State and petitioner's counsel. The charges amount to no more than saying that counsel determined that in his judgment petitioner's best interest would be served by pleading guilty to a lesser charge in order to escape possible, if not very probable, conviction on the more serious charge, and so receive a shorter sentence in lieu of a possibly far longer sentence.

*Application denied, with costs.*